# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYRONE G. COOPER, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07CV1698 AGF |
| ) | |
| JEREMIAH NIXON and ) | |
| ROY MUELLER, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to expedite consideration of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The motion will be denied.

Petitioner is currently detained on a charge of first-degree burglary with bail set at $450,000. Petitioner was previously convicted by a jury on the charge of first-degree burglary, but the conviction was reversed by the Missouri Supreme Court because the jury instructions were defective. State v. Cooper, 215 S.W.3d 123, 124 (Mo. 2007). In the first trial, petitioner was also charged with first-degree assault and armed criminal action, but the jury found him not guilty on those counts. Id. at 125. Petitioner seeks federal habeas relief on the ground that his bail is excessive in violation of the Eighth Amendment.

Petitioner moves for expedited review of his petition because his counsel will not file a brief with the trial court for dismissal of the charge against him on the ground that the charge is barred by the Double Jeopardy Clause. Petitioner claims that his counsel is ineffective for failing to meet his demands.

Petitioner is incorrect on the law. The Double Jeopardy Clause "does not prevent the government from retrying a defendant who succeeds in getting his first conviction [reversed] because of some error in the proceedings leading to conviction." Lockhart v. Nelson, 488 U.S. 33, 38 (1988). As a result, the State of Missouri is not barred from bringing the charge of first-degree burglary against petitioner a second time, and petitioner's argument fails.

Additionally, the Court notes that petitioner has failed to set forth enough facts in his petition to show that he is entitled to relief. When determining whether an amount set for bail is unconstitutionally excessive, it is necessary for the Court to determine, based on the facts and circumstances involved in the considerations as to the bail amount, whether the state court's action was arbitrary or discriminatory. Mastrian v. Hedman, 326 F.2d 708, 711 (8th Cir. 1964). The petition is silent as to the facts and circumstances surrounding the state court's decision to set petitioner's bail at $450,000. Consequently, the Court finds no independent reason why the petition should be expedited.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to expedite consideration of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

Dated this 1st day of November, 2007.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE