# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE G. COOPER, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1698 CEJ |
| | ) | |
| GARY M. GAERTNER, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Tyrone G. Cooper, Sr., for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and petitioner's second motion to expedite the petition.

Petitioner is currently detained on a charge of first-degree burglary with bail set at $450,000. Petitioner was previously convicted by a jury on the same charge, but the conviction was reversed by the Missouri Supreme Court because of instructional error. State v. Cooper, 215 S.W.3d 123, 124 (Mo. 2007). In the first trial, petitioner was also charged with first-degree assault and armed criminal action, but the jury found him not guilty on those counts. Id. at 125. Petitioner seeks federal habeas relief on the ground that his bail is excessive in violation of the Eighth Amendment.

## Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently that [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual

findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## Discussion

Missouri Rule of Criminal Procedure 33.01(b) provides that a trial court "shall set such conditions for release as will reasonably assure the appearance of the accused." Additionally,

> In determining which conditions of release will reasonably assure appearance, the court shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character, mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings.

At the first trial, the prosecution presented evidence that petitioner's nephew had purchased a quantity of the drug Ecstasy from the victim. Believing the drugs to be of poor quality, petitioner went to the victim's home to obtain a refund of the money or replacement of the drugs. According to the evidence, petitioner broke into the victim's house and fired a gun at him. The judge who heard the evidence in the first case will preside over the new trial. Thus, the judge is familiar with the nature and circumstances of the present charge---a factor that is properly considered in making a bail decision. If convicted, petitioner faces a possible sentence of life imprisonment---

the same sentence he received after the first trial. The severity of the penalty and the likelihood that it will be imposed if petitioner is again convicted provide a strong impetus for flight.

Rule 33.01 requires a judge to weigh relevant factors in determining the amount of bail, and "[t]rial judges are presumed to know the law and to apply it in making their decisions." Wise v. Bowersox, 136 F.3d 1197, 1203 (8th Cir. 1998) (quoting Walton v. Arizona, 497 U.S. 639, 653 (1990)). Given the circumstances here, it cannot be said that the state court did not consider the relevant factors of seriousness of the crime and likelihood of flight in setting bail. Moreover, it cannot be said that fixing bail in the amount at $450,000 is contrary to or an unreasonable application of clearly established federal law. The Court concludes that petitioner is not entitled to federal habeas relief.

Additionally, the Court will not issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's second motion to expedite is **granted**.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**.

A separate Judgment shall accompany this Memorandum and Order.

                                                            CAROL E. JACKSON  
                                                            UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2008.